UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR ALVARES RIVERA, *et al.*,

                    Petitioners,

    v.

JULIO HERNANDEZ, *et al.*,

                    Respondents.

Case No. C26-1738-MLP

ORDER GRANTING HABEAS
RELIEF TO PETITIONER
HADIYETOU CISSE

Through counsel, six petitioners[1] have filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that their redetention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, violates the Due Process Clause of the Fifth Amendment. (Dkt. # 1.) Respondents filed a return (dkt. # 15), supported by the declaration of ICE Deportation Officer Enrique Rodriguez (dkt. # 16). Petitioners filed a traverse. (Dkt. # 17.) In this Order, the Court addresses only the claims of Petitioner Hadiyetou Cisse. Having considered the parties' submissions and

---

[1] At the outset, the Court notes that although both parties acknowledge that a due process analysis is inherently case-specific, their briefing largely treats all six petitioners collectively, with limited differentiation among their distinct factual and procedural histories. (*See* dkt. ## 1, 15, 17.) This reliance on generalized, group-wide argument impedes the case-by-case analysis required. In multi-petitioner habeas actions of this kind, the Court expects the parties to analyze due process requirements for each petitioner's individual circumstances.

ORDER GRANTING HABEAS RELIEF TO
PETITIONER HADIYETOU CISSE - 1

the governing law, the Court GRANTS the petition in part with respect to Petitioner Cisse's claims.[2]

## I.    BACKGROUND

Petitioner Cisse, a citizen of Mauritania, fled his country to escape enslavement due to his ethnicity. (Cisse Decl. (dkt. # 4), ¶¶ 1, 16; Rodriguez Decl., ¶ 24.) He entered the United States around July 2, 2023, and on July 5, 2023, was detained and issued a Notice to Appear ("NTA") charging him as removable. (Cisse Decl., ¶ 2; Rodriguez Decl., ¶¶ 25-26.) He was released on his own recognizance. (Rodriguez Decl., ¶ 26.) Respondents do not identify any conditions placed on Petitioner Cisse's release, nor any violations of conditions. (*Cf.* dkt. # 15 at 14 (noting alleged violations of release conditions by other petitioners).)

Petitioner Cisse lived freely for two and a half years during which he was able to build a community including his uncle and friends, receive a work permit, obtain employment and support his family, and pursue asylum. (Cisse Decl., ¶¶ 5-8, 13, 17.) Whenever he was assisted with checking his A file number, he was always told that his case was closed. (*Id.*, ¶ 7.) He checked in with ICE whenever instructed, informed ICE when he moved, and attended all immigration court dates. (*Id.*, ¶¶ 3-4, 6, 9-10.) On January 5, 2026, Petitioner Cisse updated his address at the ICE office in Tukwila, where his passport was taken from him. (*Id.*, ¶ 9.)

On January 16, 2026, Petitioner Cisse returned to the Tukwila office to request return of his passport and was taken into custody without explanation. (Cisse Decl., ¶¶ 11-13; Rodriguez Decl., ¶¶ 27-28.) Officer Rodriguez states only that "record checks" confirmed Petitioner Cisse "did not have lawful status to remain in the United States" and "did not have a pending [immigration] court date[.]" (Rodriguez Decl., ¶ 28.) At a bond hearing on April 14, 2026, an

---

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 10.)

ORDER GRANTING HABEAS RELIEF TO
PETITIONER HADIYETOU CISSE - 2

immigration judge found he was subject to mandatory detention under 8 U.S.C. § 1225(b). (*See id.*, ¶ 31.)

On March 3, 2026, Petitioner Cisse filed for asylum. (Rodriguez Decl., ¶ 30.) His application was denied on May 6, 2026, and he was ordered removed to Mauritania. (Cisse Decl., ¶ 16; Rodriguez Decl., ¶ 32.) His appeal remains pending. (Rodriguez Decl., ¶ 32.)

## II.    LEGAL STANDARDS

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

## III.    DISCUSSION

Respondents assert detention authority pursuant to 8 U.S.C. § 1225(b). (Dkt. # 15 at 1.) They offer a discussion of mandatory detention under § 1225, but do not argue that it applies to

ORDER GRANTING HABEAS RELIEF TO
PETITIONER HADIYETOU CISSE - 3

Petitioner Cisse. (*See id.* at 2-5.) The Court concludes Petitioner Cisse is subject to the discretionary detention framework of 8 U.S.C. § 1226(a). *See, e.g.*, *Chen v. Blanche*, 2026 WL 1733497, at *2 (W.D. Wash. June 16, 2026). Furthermore, "[s]tatutory authority to detain does not obviate Respondents' obligation to comply with due process." *Telenchana v. Hermosillo*, 2026 WL 696806, at *10 (W.D. Wash. Mar. 12, 2026).

Respondents offer no argument specific to Petitioner Cisse justifying his redetention without due process. (*Cf.* dkt. # 15 at 14-15.) The Court finds that his private interest in continued freedom and the substantial risk of erroneous deprivation of that freedom, given the absence of justification for detention provided in his immigration records or before this Court as well as Respondents' failure to demonstrate any exigent circumstances, heavily outweigh the government's interest in detaining him without a short pre-deprivation hearing. *See, e.g.*, *Chen*, 2026 WL 1733497, at *2-3. Given the lack of lawful process at the outset of detention and the absence of exigent circumstances, release is the appropriate and constitutionally required remedy.[3] *See id.* at *3.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS in part the petition (dkt. # 1) with respect to Petitioner Hadiyetou Cisse. The Court will address the remaining claims and requests for relief by separate Order.

Within **twenty-four (24) hours**, Respondents shall release Petitioner Cisse from immigration detention under conditions consistent with applicable statutory and regulatory authority. Within **two (2) business days**, Respondents shall file a status report with the Court confirming his release.

---

[3] The Court recognizes that a removal order was entered after Petitioner Cisse's redetention, and does not express an opinion on any basis for renewed detention not addressed in the instant petition.

ORDER GRANTING HABEAS RELIEF TO
PETITIONER HADIYETOU CISSE - 4

Dated this 17th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING HABEAS RELIEF TO
PETITIONER HADIYETOU CISSE - 5