UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR ALVARES RIVERA, *et al.*,

               Petitioners,

   v.

JULIO HERNANDEZ, *et al.*,

               Respondents.

Case No. C26-1738-MLP

ORDER

Through counsel, Petitioner Carlos Cruz Martinez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his redetention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington, violates the Due Process Clause of the Fifth Amendment. (Dkt. # 1.) Respondents filed a return (dkt. # 15), supported by the declaration of ICE Deportation Officer Enrique Rodriguez (dkt. # 16). Petitioner filed a traverse. (Dkt. # 17.) Having considered the parties' submissions and the governing law, the Court GRANTS in part the petition (dkt. # 1) with respect to Petitioner Cruz Martinez. [1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 10.)

ORDER - 1

## I.   BACKGROUND

Petitioner Cruz Martinez, a citizen of El Salvador, fled his country due to death threats against his family. (Cruz Martinez Decl. (dkt. # 5), ¶ 1.) He entered the United States around October 21, 2023, and was detained on October 23, 2023, with his four-year-old daughter. (*Id.*, ¶ 2; Rodriguez Decl., ¶ 35.) He received a Notice to Appear charging him as removable, was released on an Order of Release on Recognizance ("OREC") with an ankle monitor, which was removed about one month later, and was enrolled in Alternatives to Detention ("ATD"). (Cruz Martinez Decl., ¶¶ 2-3; Rodriguez Decl., ¶¶ 36-37.)

On April 13, 2026, Petitioner Cruz Martinez filed an asylum application. (Cruz Martinez Decl., ¶ 8; Rodriguez Decl., ¶ 41.) Ten days later, at a scheduled in-person check-in, ICE detained him without explanation. (Cruz Martinez Decl., ¶ 9; Rodriguez Decl., ¶ 39.)

Officer Rodriguez states in his declaration that Petitioner Cruz Martinez was detained because an ATD contractor recorded ten violations between August 30, 2024, and December 25, 2025, for "several missed biometric check-ins, a failed home visit, and for disabled location services on their mobile device used to verify location upon check ins." (Rodriguez Decl., ¶ 38.)

Petitioner Cruz Martinez states in his declaration that he complied with all ATD requirements to the best of his ability, attending all in-person check-ins, sending photographs via the mobile app as required, and complying with home visits. (Cruz Martinez Decl., ¶¶ 3-6.) On a few occasions he was delayed in sending a photograph because of work, and an officer told him it was not a violation as long as it was sent the same day. (*Id.*, ¶ 5.) On one occasion in 2024, he was not at home when an officer called for the monthly home visit, but the officer permitted him to return home and the remainder of the visit was routine. (*Id.*, ¶ 6.) On another occasion, an

ORDER - 2

officer told him his location sharing was off, advised him how to change the setting, and told him everything was fine. (*Id.*)

On May 4, 2026, an immigration judge ("IJ") found Petitioner Cruz Martinez was subject to mandatory detention under 8 U.S.C. § 1225(b) and, in the alternative, that bond should be denied due to flight risk. (Rodriguez Decl., ¶ 42.) Petitioner Cruz Martinez was scheduled for a final merits hearing on June 8, 2026. (*Id.*, ¶ 45.) Officer Rodriguez's declaration, dated June 4, 2026, and filed June 11, 2026, does not reveal the outcome. (*See id.* at 13.)

## II.      LEGAL STANDARDS

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

ORDER - 3

### III.    DISCUSSION

As discussed in previous Orders, the Court concludes that, having been released on an OREC, Petitioner Cruz Martinez's redetention is governed by the discretionary framework of 8 U.S.C. § 1226(a). (*See* dkt. ## 18 at 3-4, 22 at 3-5.)

The Court finds Petitioner Cruz Martinez's due process rights were violated. The risk of erroneous deprivation of his substantial liberty interest was high where he had no opportunity to address what appear to be solely technical difficulties rather than intentional violations, and it heavily outweighs the government's interest in redetaining him without a hearing. Habeas relief is thus warranted.

Respondents offer only the same argument addressed in prior Orders, that Petitioner Cruz Martinez's ten ATD violations constitute material changes in circumstances warranting only a post-deprivation hearing. (Dkt. # 15 at 14-15.) They do not argue that the violations, which appear technical rather than intentional and began nearly two years before he was redetained, evidenced flight risk or danger.[2] The Court concludes that release is the appropriate and constitutionally required remedy.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS in part the petition (dkt. # 1) with respect to Petitioner Carlos Cruz Martinez. Within **twenty-four (24) hours**, Respondents shall release Petitioner Cruz Martinez from immigration detention under conditions consistent with applicable

---

[2] Respondents also provide no support or basis for the IJ's *post hoc* finding of flight risk and offer no argument that it could substitute for pre-deprivation notice and hearing. Accordingly, it does not alter the Court's analysis. *See, e.g., E.A. T.-B.*, 795 F. Supp. 3d at 1324 (Where pre-deprivation hearing was required, a "post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.").

ORDER - 4

statutory and regulatory authority. Within **two (2) business days**, Respondents shall file a status report with the Court confirming his release.

Dated this 1st day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5